[*176]

----

## THOMAS SMALL et al. agt. WILLIAM H. DEFOREST et al.

Where two referees met at the place of hearing about *ten* o'clock, A. M. (the hearing being noticed for 9 A. M.), the third referee not being present; and the two, without being sworn or organized, agreed *to keep the matter open* until *two* o'clock, P. M., to wait for the third referee; defendants' counsel at the time objecting that, after waiting an hour after the time noticed for hearing, a new

notice should be given of the hearing; and at two o'clock, P. M., or after, all the referees met and organized, and proceeded to a hearing; *held,* that the proceedings were *regular.*

*Semble.* That two referees meeting at the hour noticed for hearing, without being sworn, may wait for or hold open the matter for the third referee *during the day,* and then all three organize regularly.

*June Term,* 1846.

MOTION by defendant to set aside report of referees, for irregularity.

This cause was referred at the Ulster circuit, held in March last, to three referees, James O. Linderman, Jacob H. DeWitt, and Peter Van Gaasbeck, Jr. On the 19th of March, plaintiffs' attorney noticed the cause for hearing before the referees for the 2d day of April, at 9 o'clock, A. M., at the house of J. Pardee in the village of Kingston. One of defendants' attorneys stated that he attended at the time and place mentioned in the notice, with the defendant, that none of the referees were then present; defendants' attorney then called upon one of the referees, to know whether they were to meet on that day, and was informed by him that Jacob H. De Witt, one of the referees, was absent from the village of Kingston, but he would see the other referee, and have him come to the place appointed for hearing; that about 12 o'clock, or within a very few minutes of that hour, the defendant and his counsel again attended at the place appointed for hearing, and James O. Linderman and Peter Van Gaasbeck, Jr., two of the referees, were then present with M. Schoonmaker, Esq., the attorney and counsel for the plaintiffs, but Jacob H. De Witt, the third referee, was not present. Defendants' counsel informed the referees and plaintiffs' counsel, that he wished to make an application to postpone the trial of the cause, he not then being ready to proceed. Mr. Schoonmaker objected to the referees who were then present taking any action in the premises, and stated that Mr. De Witt, the third referee, would probably be in by the 2 o'clock stage. The referees declined to take any steps in the cause in the absence of one of their number, nor could they adjourn to any time.

Defendants' counsel stated *that himself and the [*177]

defendant having waited from 9 o'clock, at which hour the hearing was noticed, until 12, then informed the referees and plaintiffs' counsel that they would wait no longer; and defendants' counsel objected to any further proceedings without a new notice; that he was compelled to leave home for a distant part of the county, and should not again appear at any meeting of the referees, without the cause being regularly noticed anew; accordingly defendants' counsel did leave about 1 o'clock, and was absent several days from home. He was informed that the referees, between the hours of two and three in the afternoon of the 2d day of April, again met at the place appointed for the hearing, and proceeded, in the absence of the defendant and his counsel, to hear the proofs and allegations of the plaintiffs, and made a report in their favor for six hundred and twenty-four dollars and seven cents.

On the part of the plaintiffs, M. Schoonmaker, Esq., stated that two or three days before the 2d of April, Mr. De Witt, one of the referees, was unexpectedly called away from home on important business; before he left he notified plaintiffs' counsel and one or more of his associate referees of his intended departure, informing them that he would be at home and ready to proceed with a reference at 2 o'clock on the 2d of April. Plaintiffs' counsel attended the place of hearing in the forenoon of the 2d of April, and alleged it was about 10 o'clock (and not as late as defendant's attorney stated in his affidavit), that Messrs. Van Gaasbeck and Linderman, two of the referees, were then present, and also the defendant, together with J. C. Forsyth, Esq., one of his counsel. Defendants' counsel applied for a postponement of the hearing until some future day, but did not produce, read, or furnish, at that time, any affidavits in support of his application. Plaintiffs' counsel could not consent to the postponement, unless good and sufficient cause was shown, by affidavit, that Mr. De Witt was then absent, but had engaged to be back at or about noon of that day, that defendants' counsel could not in the mean time prepare his affidavits for a postponement, and present them at the meeting of the referees after dinner. Plaintiffs'

counsel did not object to the referees then present taking any action in the premises, but had objected to any postponement of the cause, unless sufficient cause was shown by affidavit on the part of the defendant; and Mr. Linderman, one of the referees, stated that he did not believe that two referees, before they were sworn, and in the absence of the third, could regularly adjourn over to any future day. Plaintiffs' witnesses were in attendance from the city of New-York, and plaintiff proposed that the referees should meet as soon *as Mr. De Witt returned, at 2 o'clock, P. M., [*178] and proceed with the examination of plaintiffs' witnesses, and in case defendants' witnesses were not then in attendance, an adjournment to some future day would be agreed upon for examination of defendants' witnesses. Such proposition was rejected by defendants' counsel. *The referees then present agreed to keep the matter open until two o'clock in the afternoon of that day,* and they would then meet, and in case Mr. De Witt should be present, they would organize and enter upon the discharge of their duties; and the defendant and his counsel were then informed of such arrangement. At about 2 o'clock, P. M., plaintiffs' counsel went to the house of Mr. De Witt, and found him at home, and informed him that the other referees were in waiting for him, and requested his attendance; he then went to the office of the defendants' attorneys, and found the defendant and J. H. Hasbrouck, one of his attorneys and counsel, then in the office; he informed them that Mr. De Witt had returned, and the referees were about organizing and proceeding to business, and requested their attendance; plaintiffs' counsel then proceeded to the place of hearing, and after waiting nearly an hour for the defendant and his counsel, and neither of them appearing, all three of the referees were sworn, and proceeded to hear and examine the witnesses on the part of the plaintiff, no one appearing for defendant; and subsequently made their report as stated by defendants' papers.

G. R. J. BOWDOIN, *defendants' counsel.*
FORSYTH & HASBROUCK, *defendants' attorneys.*

D. McMartin, *plaintiffs' counsel.*
M. Schoonmaker, *plaintiffs' attorney.*

Defendants' counsel insisted that *two* referees before organization had not power to adjourn, and consequently had no power to postpone or keep open the matter for a number of hours after the hour designated in the notice of hearing The general rule in the city of New-York was, to wait *one* hour after the time designated in the notice, and, if all the referees did not then appear and organize, the cause was renoticed for hearing at another time.

Jewett, Justice. · Said, that in the country they waited all day sometimes, to get all the referees together, and get them organized; he thought there was nothing irregular in the plaintiffs' proceedings. Motion denied with costs.